UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

DAVARIOL MARQUAVIS TAYLOR,

    Plaintiff,        Case No. 1:22-cv-1041

v.               Honorable Sally J. Berens

UNKNOWN DUNN et al.,

    Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.) In an order entered on November 21, 2022, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 8.) Upon further review, however, the Court has determined that Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

    Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). (ECF No. 5.) That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendants have not yet been served, the undersigned concludes that they are not presently

2

parties whose consent is required to permit the undersigned to enter an order denying Plaintiff leave to proceed *in forma pauperis* and directing him to pay the $402.00 filing fee. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Because Plaintiff is not permitted to proceed *in forma pauperis* in this matter, the Court will vacate the order granting Plaintiff *in forma pauperis* status (ECF No. 8) and order him to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] This fee must be paid within 28 days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in Section 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Taylor v. Stump*, No. 1:22-cv-530 (W.D. Mich. July

4

25, 2022); *Taylor v. Martin*, No. 1:22-cv-301 (W.D. Mich. July 1, 2022); *Taylor v. Yuhas*, No. 1:21-cv-435 (W.D. Mich. Oct. 29, 2021).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. He sues Prison Counselor/Corrections Officer Unknown Sandborn; Lieutenant

5

Unknown McDundel; Sergeant Unknown Kassa; Corrections Officers Unknown Dunn, Unknown Schafer, and Unknown Beeheler; Mental Health Provider Unknown Norton; Nurses Keith Sikkma and Mary Calkins; and Law Library Tech Unknown Philip.

Plaintiff alleges that October 14, 2022, Defendant Schafer sexually and physically assaulted him when he was handcuffing Plaintiff and escorting him back to his cell from the showers. (ECF No. 2, PageID.16.) Plaintiff started to yell "PREA" and "help," and Defendant Schafer ran him into the wall, the floor, and the bedrail in Plaintiff's cell. (*Id.*) Plaintiff hit his eye and nose on the bedrail. (*Id.*) Plaintiff contends that Defendants Sikkma and Calkins were deliberately indifferent to his medical needs, and that unnamed supervisors were liable for Defendant Schafer's use of force. (*Id.*, PageID.16–17.)

Plaintiff also alleges that Defendant Philip violated his rights by not making requested photocopies and providing legal materials. (*Id.*, PageID.16.) Plaintiff contends that "other staff tried to obstruct [his] exhaustion efforts of administrative remedies." (*Id.*)

Plaintiff goes on to state that Defendant Dunn denied him food, and that Defendants Kassa and McDundel refused to intervene, on an unknown date. (*Id.*, PageID.18.) Defendant Norton refused to report threats made by Defendant Schafer during the week of October 5, 2022. (*Id.*) Plaintiff contends that Defendant Schafer made these threats in retaliation for Plaintiff writing grievances about him. (*Id.*) Plaintiff vaguely alleges that Defendants Sikkma and Calkins refused to check his injuries, and that Defendant Calkins "refused to speak up" on October 13, 2022, when Defendant Schafer slammed Plaintiff's hand in the food slot during nighttime medication rounds. (*Id.*) Defendant Schafer then threatened, "Taylor[,] tomorrow I'm gon f*** you up rat." (*Id.*) Defendant Beeheler refused to give Plaintiff a grievance form, and Defendant Norton allegedly blocked the PREA hotline so Plaintiff could not use it. (*Id.*)

6

Plaintiff claims that he submitted a PREA complaint against Defendant Schafer, and that Defendant Schafer ripped up the complaint and told Defendant Norton that she could not stop him from "getting back" at Plaintiff. (*Id.*) Defendant Schafer then issued retaliatory misconducts to Plaintiff after Plaintiff told Defendant Kassa about the physical and sexual assault. (*Id.*) Plaintiff alleges that Defendant Schafer also told him that as long as Plaintiff remained at ICF, the water in his cell would continue not to work. (*Id.*)

Plaintiff requested a move to protective custody. (*Id.*) He states that he was left in hand restraints for eight hours on an unknown date. (*Id.*) He alleges further that Defendant Sandborn ordered another officer to give Plaintiff's commissary order to another inmate. (*Id.*) Defendant Sandborn then lied and told Plaintiff that order had been refunded. (*Id.*) Plaintiff claims that Defendant Sandborn subsequently added $70.00 to his account only to empty it. (*Id.*)

Plaintiff contends that he has been subjected to ongoing conditions, such as: (1) not receiving a shower since October 10, 2022; (2) not receiving yard time for over a year; (3) not receiving commissary for over a year, even though he has placed orders; (4) issues with the water in his cell; (5) an inability to clean his cell; (6) an inability to obtain legal supplies; and (7) an inability to call his family. (*Id.*, PageID.19.) Plaintiff's final allegation is that on October 29, 2022, Defendant Schafer stated, "Taylor you want your water back on? To[o] bad you rat b**** suck my d***, stop telling on me and maybe that will happen or not." (*Id.*)

Plaintiff's allegations of sexual and physical assault, as well as the threats allegedly made by Defendant Schafer, certainly suggest a danger. While Plaintiff indicates that he did not receive medical care after the alleged use of force, Plaintiff's complaint is devoid of any facts regarding the injuries he received. Moreover, despite Defendant Schafer's threats, Plaintiff does not allege that anything has happened to him since the sexual and physical assault that occurred on October

14, 2022. While the Court certainly does not condone the making of threats by officers, Plaintiff's dearth of factual allegations leads the Court to conclude that his allegations of threats "are described with insufficient facts and detail to establish that he is in danger of imminent physical injury . . . ." *Rittner v. Kinder*, 280 F. App'x 796, 798 (6th Cir. 2008) (footnote omitted). Based on Plaintiff's allegations, they are not sufficiently "real and proximate." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*). That is not to say that they are "ridiculous . . . baseless . . . fantastic – or delusional . . . irrational or wholly incredible." *Id*. They are simply insufficient to demonstrate that physical injury is imminent.

Therefore, Section 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has 28 days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice.

Dated:   November 29, 2022                          /s/ Sally J. Berens
                                                    SALLY J. BERENS
                                                    U.S. Magistrate Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**